UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ELSTON L. PICKFORD, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-CV-191 JD |
| | ) | |
| LAKE COUNTY COMMUNITY CORRECTION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Elston L. Pickford, a *pro se* plaintiff, filed a complaint under 42 U.S.C. § 1983. (DE 2.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. The court must bear in mind that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Pickford is currently incarcerated at the Westville Correctional Center. He alleges that in 2013, while incarcerated at Lake County Community Correction ("LCCC"), four employees violated

his rights by allowing him to be incarcerated 365 days too long. He claims that, while being held at LCCC, he told Kellie J. Bittorf, the executive director at LCCC, Mark R. Murphy, the director of operations at LCCC, Jeffery A. Batchlor, the residential manager at LCCC, and Joe Sudick, a counselor at LCCC, that his listed out date was wrong. Counselor Sudick disagreed and showed Pickford the court order that set out his sentence. Nevertheless, Pickford told Sudick that the court order was wrong and contained an incorrect sentence. From the submitted materials, it is apparent that Pickford was complaining that the sentencing judge imposed a consecutive sentence, when he should have imposed a concurrent sentence, which inappropriately lengthened his term of incarceration. (DE 2-1.) In fact, Pickford has provided court records from his underlying criminal case showing that he has recently received a reduced sentence. (DE 2-1 at 18.) Based on this reduced sentence, Pickford claims he was incarcerated past his out date and seeks money damages for the days he spent incarcerated too long at LCCC.

In order to prevail on an Eighth Amendment claim, Pickford must plead that he was held beyond his out date without penological justification, and that the prolonged detention was the result of the defendants' "deliberate indifference." *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). In other words, the detainment must amount to calculated harassment unrelated to prison needs. *McGee v. Adams*, 721 F.3d 474, 480-81 (7th Cir. 2013); *Whitman v. Nesic*, 368 F.3d 931, 934-35 (7th Cir. 2004).

Here, as a threshold matter, Pickford has not alleged that he was ever held beyond his official out date.[1] According to the complaint, the defendants were holding him pursuant to a valid state

---

[1] Even if it could somehow be said that Pickford was held beyond his out date, it is not alleged that any of the defendants were deliberately indifferent in holding Pickford beyond this date. Quite the contrary, it is clear that they had a significant penological interest in continuing to detain Pickford - it was pursuant to the terms of a valid state court order.

court order. *DeGuelle v. Camili*, 724 F.3d 933, 937 (7th Cir. 2013) (noting that federal courts are required "to give state court judgments the same preclusive effect that the state courts that issued the judgments would give them."). Even though Pickford may have ultimately prevailed in reducing his sentence, that is without importance in this case. Since the four LCCC defendants fully complied with the valid state court order, Pickford has not stated a plausible claim against any of the LCCC defendants. See *Armato v. Grounds*, 766 F.3d 713 at 720-721 (7th Cir. 2014) (holding that plaintiff could not recover for any injury based on IDOC officials holding inmate pursuant to the terms of a valid court order).

Next, Pickford sues his public defender and the Deputy Lake County Prosecutor for not objecting when the judge issued a consecutive sentence. This claim can not proceed against either defendant. The Constitution only protects against acts of defendants acting under color of state law, *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006), and the Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). In addition, prosecutors are entitled to immunity for their actions taken in the state criminal case, even if Pickford believes they acted improperly in adding to the charges against him. *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (absolute prosecutorial immunity). Thus, his claims against his public defender and the Deputy Lake County Prosecutor must be dismissed.

Though Pickford's current complaint does not plausibly state a claim, it is not possible to definitively say that he could not do so. Accordingly, Pickford will be granted leave to file an amended complaint if he believes that he can present the facts necessary to state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In the amended complaint, he should explain

3

in his own words what happened, when it happened, where it happened, and who was involved. He may attach any documentation he has in his possession or can obtain related to his claims.

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank prisoner Complaint 42 U.S.C. § 1983 form, and send it to Elston L. Pickford;

(2) **GRANTS** Elston L. Pickford to and including July 20, 2015, to file an amended complaint; and

(3) **CAUTIONS** Elston L. Pickford that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current amended complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED: June 19, 2015

/s/ JON E. DEGUILIO
Judge
United States District Court