UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ELSTON L. PICKFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-CV-191 JD |
| | ) | |
| LAKE COUNTY MUNICIPALITY, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Elston L. Pickford, a *pro se* plaintiff, initially filed a complaint under 42 U.S.C. § 1983 alleging four individuals kept him incarcerated too long at Lake County Community Corrections ("LCCC"). (DE 2.) However, Pickford did not allege that he was being held at the LCCC beyond his court imposed out date. Instead, he conceded that he was being held pursuant to a lawful state court judgment, but he objected to the terms of that judgment. (DE 3.) The court found that he failed to state a claim against any of the named individual defendants. (*Id.*) Nevertheless, in an abundance of caution, he was granted leave to file an amended complaint in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). (*Id.*)

Pickford initially filed an amended complaint on July 16, 2015. (DE 12.) However, after recognizing a number of deficiencies in that filing, Pickford moved for leave to file a corrected amended complaint. (DE 16.) He filed that corrected amended complaint on August 6, 2015. (DE 15.) Pickford's motion for the court to consider the corrected version of the amended complaint will be granted.

The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from

such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that: (1) the defendants deprived him of a federal constitutional right; and (2) the defendants acted under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Pickford is currently incarcerated at the Westville Correctional Center. He alleges that in 2011 he was charged with and convicted of battery and burglary in Lake County Superior Court. He was sentenced to five (5) years in the Indiana Department of Corrections, with two (2) years executed in the LCCC program and three (3) years suspended on each count to run consecutive to each other. Pickford alleges that under Indiana law (and his plea agreement) his sentences should have run concurrent to each other. However, since the judge imposed consecutive sentences, he ended up serving 379 days too long at the LCCC. Pickford seeks money damages against Lake County for the days he believes he spent incarcerated too long at LCCC.

In order to prevail on an Eighth Amendment claim, Pickford must plead that he was held beyond his out date without penological justification, and that the prolonged detention was the result

of the defendants' "deliberate indifference." *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). In other words, the detainment must amount to calculated harassment unrelated to prison needs. *McGee v. Adams*, 721 F.3d 474, 480-81 (7th Cir. 2013); *Whitman v. Nesic*, 368 F.3d 931, 934-35 (7th Cir. 2004). However, Pickford has again failed to allege that he was ever held beyond his official out date. According to the complaint, he was being held pursuant to a valid state court order. *DeGuelle v. Camili*, 724 F.3d 933, 937 (7th Cir. 2013) (noting that federal courts are required "to give state court judgments the same preclusive effect that the state courts that issued the judgments would give them."). Because Pickford's allegations show that he was held at LCCC pursuant to a valid state court order, there has been no constitutional deprivation. See *Armato v. Grounds*, 766 F.3d 713 at 720-721 (7th Cir. 2014) (holding that plaintiff could not recover for any injury based on IDOC officials holding inmate pursuant to the terms of a valid court order).

Even if Pickford could have shown that he suffered a constitutional violation, which he has not, Lake County is not a proper defendant. Apparently Pickford has named Lake County as a defendant because it employed the LCCC staff who refused to release him from custody. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Moreover, to state a claim against a municipal defendant under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), he must allege the existence of an unconstitutional official policy or practice, which he has not done.

For these reasons, the court:

(1) **GRANTS** the motion to file an amended complaint (DE 16); and

(2) **DISMISSES** this action pursuant to 28 U.S.C. §1915A.

SO ORDERED.

ENTERED: September 11, 2015

                                                                                        /s/ JON E. DEGUILIO
                                                                                       Judge
                                                                                       United States District Court